IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL MATTOCKS,                )
                                 )
                Plaintiff,       )
                                 )
        v.                       )         1:22-CV-346
                                 )
DRIVETIME CAR SALES COMPANY,     )
LLC,                             )
                                 )
                Defendant.       )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Before the court are several motions in this dispute, originally filed in state court, involving the sale of an automobile. Plaintiff Michael Mattocks moves to remand this action to the General Court of Justice, District Court Division, of Guilford County, North Carolina, and seeks an award of attorney's fees and costs. (Doc. 7.) Defendant Drivetime Car Sales Company, LLC ("Drivetime") opposes the motion and moves to dismiss the action or, in the alternative, to stay it on the basis of an arbitration clause in the sales contract. (Doc. 11.) Mattocks moves to stay briefing on Drivetime's motion to dismiss and, in the alternative, urges that it be denied. (Doc. 15.) The motions are fully briefed and ready for decision. For the reasons set forth below, the motion to remand will be granted, the request for attorney's fees and costs will be denied, and the remaining motions will be denied as moot because the court lacks jurisdiction.

## I.  BACKGROUND

### A.  Facts

According to the allegations of the complaint, on January 8, 2021, Mattocks purchased a 2017 Hyundai Elantra GT from Defendant Drivetime at a price of $14,811.84.  (Doc. 1-1 at 2-3; Doc. 1-1 at 9.)  He also purchased insurance and various additions, including a five-year, 50,000-mile "Drivecare Protection Plan" service contract that cost $3,555.00.  (Doc. 3 at 5; Doc. 1-1 at 10, 13-19.)  Including all finance charges, insurance, and add-ons, the total cost of the purchase was $34,090.41.  (Doc. 1-1 at 9-10.)

Mattocks alleges that since the date of purchase, the vehicle has suffered from severe engine problems "due to defects in material or workmanship."  (Doc. 1-1 at 4.)  No fewer than three engine replacements have been required in the past year, and the vehicle is allegedly in need of a fourth.  (Id.)  According to Mattocks, the vehicle was out of service for warranty repairs for about six months in the first year of ownership and, though on its third engine, is currently undergoing repairs for yet another defect.  (Id. at 5.)  Copies of invoices for the repairs are attached to the complaint.  (Doc. 1-1 at 9-23.)

On March 31, 2022, Mattocks filed the present complaint in the General Court of Justice, District Court Division, in Guilford County, North Carolina (Doc. 1-1 at 3.)  He alleges three claims for relief.  The first claim alleges that Drivetime breached the

2

service contract, though no specific amount of damages is claimed. (Id. at 5-6.) The second claim alleges breach of the implied warranty of merchantability in violation of North Carolina General Statute § 25-2-314, for which Mattocks seeks damages "equal to the difference at the time and place of acceptance between the value of the [v]ehicle as accepted and the [v]ehicle's value had it been as Defendant warranted." (Id. at 6.) The third claim arises under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. (Id.) Mattocks alleges that "as a direct and proximate result of the Defendant's breach of written warranties, implied warranties, and/or the Service Contract, and its violation of the Magnuson-Moss Warranty Act, Plaintiff has been damaged in an amount to be determined at trial." (Id. at 7.) In the alternative, Mattocks requests "equitable relief in the form of a refund of the [v]ehicle's purchase price, other incidental and consequential damages, together with costs and reasonable attorney's fees." (Id.) The complaint's prayer for relief similarly requests damages "in an amount to be determined at trial" as well as an award of reasonable attorney's fees and costs. (Id. at 7-8.)

Defendant timely removed this action based on federal question jurisdiction over the Magnuson-Moss claim, pursuant to 28 U.S.C. § 1331, and joinder of the federal and state law claims,

pursuant to 28 U.S.C. § 1441(c).[1]  (Doc. 1 at 2.)  Drivetime contends that supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367 (1990).  On May 10, 2022, Mattocks timely moved to remand the action pursuant to 28 U.S.C. § 1447(c).  (Doc. 7 at 1.)  He contends that this court lacks subject matter jurisdiction because the amount in controversy falls below the threshold for the Magnuson-Moss claim.  (Doc. 8.) Drivetime opposes the motion on the ground that the amount in controversy exceeds the threshold.  (Doc. 13.)

Because the court must assure itself of its subject matter jurisdiction before addressing any other motion, the motion to remand will be considered first.

## II.  ANALYSIS

### A.  Motion to Remand

#### 1.  Jurisdiction Under the Magnuson-Moss Warranty Act

If a cause of action arises under applicable federal law, a federal court possesses subject matter jurisdiction and removal may be proper.  Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 198 (4th Cir. 2022); 28 U.S.C. § 1331 (2011) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

_____

[1] Drivetime does not contend that the court has jurisdiction based on diversity of citizenship.

United States.") The Magnuson-Moss Warranty Act permits a plaintiff to sue "for damages for certain breach of warranty obligations in either state or federal court." <u>Misel v. Mazda Motor of Am., Inc.</u>, 420 F. App'x 272, 273-74 (4th Cir. 2011) (citing 15 U.S.C. § 2310(d)(1) (1975)).[2] While federal question jurisdiction ordinarily requires no financial threshold, the Magnuson-Moss Warranty Act does contain certain jurisdictional thresholds. <u>Schimmer v. Jaguar Cars, Inc.</u>, 384 F.3d 402, 404 (7th Cir. 2004) (citations omitted). Pertinent here, the Act provides for federal jurisdiction only where the amount in controversy is at least $50,000, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3) (1975).[3]

Mattocks contends that his complaint alleges less than $50,000 in controversy and that remand to state court is warranted. (Doc. 8.) Drivetime argues that the amount in controversy exceeds $50,000 and that this court possesses subject matter jurisdiction. (Docs. 1 & 13.)

### 2. Calculating the Amount in Controversy

Courts typically look to a plaintiff's complaint in determining the amount in controversy, provided that the complaint

---

[2] Unpublished decisions of the Fourth Circuit are not precedential but are cited for their persuasive authority of their reasoning. <u>See</u> <u>Collins v. Pond Creek Mining Co.</u>, 468 F.3d 213, 219 (4th Cir. 2006).

[3] The Act also precludes federal subject matter jurisdiction where the amount in controversy of any individual claim is less than $25.00 or in class actions with fewer than one hundred plaintiffs. <u>Id.</u>

5

is made in good faith.  JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (citing Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981)).  Any jurisdictional requirements must be met at the time the case was pending in state court.  Wisc. Dep't of Corr. v. Schact, 524 U.S. 381, 390 (1998); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (noting that jurisdiction must be assessed at the time the petition for removal was filed.)  The party seeking removal bears the burden of proving jurisdiction by a preponderance of the evidence.  Zoroastrian Center & Darb-E-Mehr of Metropolitan Washington, D.C. v. Rustam Guiv Foundation of New York, 822 F.3d 739, 748 (4th Cir. 2016) (citing Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F. 3d 148, 151 (4th Cir. 1994)).

When a plaintiff's complaint does not specify damages, a court may look to post-removal stipulations by the plaintiff regarding the amount in controversy.  See, e.g., Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996); Hatcher v. Lowe's Home Centers, Inc., 718 F. Supp. 2d 684 (E.D. Va. 2010).  The court may also consider "any evidence of the amount in controversy." Lunsford v. Cemex, Inc., 733 F. Supp. 2d 652, 657 (M.D.N.C. 2010) (citing Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996)).  This is because when the complaint fails to specify an amount in controversy, the jurisdictional status is

6

"ambiguous" or "indeterminate." Hatcher, 718 F. Supp. 2d at 687-688. Under such circumstances, a post-removal stipulation is not an attempt to divest a federal court of jurisdiction but rather an effort to clarify whether federal jurisdiction existed when the action was removed. See id.

Here, the complaint does not clearly allege an amount in controversy. Drivetime points to documents Mattocks attached to his complaint, which reflect a purchase price, with financing charges, of $34,090.41, as well as service invoices totaling $18,468.48. Drivetime also notes that the complaint alleges loss of use of the vehicle for about six months. (Doc. 13 at 5, 7.) Based on this, Drivetime contends that the complaint objectively claims at least $50,000 in damages. (Id. 4-8.) Mattocks responds that his unpaid financing charges could not be the basis of any claim and that, in any event, the four attached invoices reflect warranty work that was paid by Drivetime – a fact he contends Drivetime should have known at the outset. (Doc. 14 at 3-5.)[4]

When a complaint alleges a breach of warranty under the

_____

[4] The parties agree that attorney's fees cannot be considered to determine the amount in controversy. 15 U.S.C. § 2310(d)(1)(B)(1975) (excluding "interests and costs" in determining amount in controversy); Saval v. BL Ltd., 710 F.2d 1027, 1032-33 (4th Cir. 1983) (holding that attorney's fees and costs are parts of the interest and cost meant to be excluded under the Act). Nor can the court consider state law claims for that purpose. Misel v. Mazda Motor of America, Inc., 420 Fed. Appx. 272, 274 (4th Cir. 2011) ("The aggregate amount in controversy . . . is not computed on the basis of pendent state law claims.")(citing Collins v. Computertraining.com, Inc., 376 F. Supp. 2d 599 (E.D.V. 2005)).

Magnuson-Moss Warranty Act, "courts apply state law for the breach of warranty action unless expressly altered by federal statute." Maxwell v. Remington Arms Co., LLC, Case No. 1:10CV918, 2014 WL 5808795, at *3 (M.D.N.C. Nov. 7, 2014) (citing Carlson v. Gen. Motors Corp., 883 F.2d 287, 291 (4th Cir. 1989)). Further, the Act "supplements, rather than supplants state law." Id. (citing Doll v. Ford Motor Co., 814 F. Supp. 2d 526, 545 (D. Md. 2011)). Under North Carolina law, damages for breach of warranty are measured by the difference at the time of acceptance of the value of the goods as accepted versus as warranted. Day v. BMW of North America, LLC, Case No. 5:20-CV-00024-M, 2020 WL 6140442, at *2-3 (E.D.N.C. Oct. 19, 2020). It does not appear that the Fourth Circuit has addressed whether and, if so, to what extent, finance charges should be included in determining damages under the Act. At least three circuits have held that they should not. See, e.g., Golden v. Gorno Bros., Inc., 410 F.3d 879, 883 (6th Cir. 2005)(stating that "the question of whether federal jurisdiction exists under the Magnuson-Moss Warranty Act should not be determined by whether a finance contract was used in purchasing an automobile"); Voelker v. Porsche Cars N. Am., Inc., 353 F.3d 516, 521-22 (7th Cir. 2003) (calculating damages as "the cost of the replacement vehicle, minus both the present value of the defective vehicle and the value the plaintiff received, but making no mention of including finance charges in the jurisdictional requirement);

8

<u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392, 402 (3d Cir. 2004) (same). But whether or not they should be considered is not dispositive here, because even if the court included the entire amount of the finance contract to calculate the amount in controversy, $34,090.41, Drivetime fails to show sufficient additional damages at issue to meet the $50,000 jurisdictional threshold.

Drivetime contends that the remaining $15,909.60 necessary to meet the jurisdictional threshold is met through the "incidental and consequential damages" claimed by Mattocks. (Doc. 13 at 5.) It relies on the complaint's six attached exhibits to reach this conclusion. (<u>Id.</u>)[5] Exhibit A shows the total contract price of $34,090.41. Exhibit B is a copy of the $3,550.00 service contract, which was included in the contract price. (Doc. 1-1 at 9-10, 13-14.) Exhibits C through F are copies of invoices totaling $18,468.48 in repairs to the vehicle. (<u>Id.</u> at 17-23.) But as Mattocks points out, and as Drivetime does not contest in its response brief, "all of the invoices [except for nominal

---

[5] The rule that the court can consider any document explicitly incorporated into the complaint by reference or attached as an exhibit, as well as any document submitted by the party moving for dismissal if the document was integral to the complaint and there is no dispute about its authenticity, applies only in the context of a motion to dismiss. <u>Goines v. Valley Cmty. Servs. Bd.</u>, 822 F.3d 159, 165-66 (4th Cir. 2016). Here, Drivetime has the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence, and neither party disputes the authenticity of the attachments to the complaint. The documents are therefore properly considered.

deductibles] were paid for by Drivetime" and are not the basis of any damage claim in this case. (Doc. 14 at 3.) Moreover, in his reply brief, Mattocks makes clear that he is not claiming the repair costs reflected in these exhibits because Drivetime already paid them. (Doc. 14 at 4.) Thus, while Mattocks seeks damages at an amount to be determined at trial, he states that the repair invoices, apart from nominal deductibles, are not included in his claim. (Id. at 3.)

The exhibits themselves support Mattocks's contention. Exhibit C shows an invoice from Precision Tune Auto Care in the amount of $6,076.45. (Doc. 1-1 at 17-18.) The service comments on it state, "CUSTOMER SAID THAT THE CAR STARTED MAKING A KNOCKING SOUND. PLEASE ADVISE. THIS IS A SILVER ROCK CLAIM, AUTH #C000534145." (Id.) The invoice contains the comment that the claim was a "SILVER ROCK APPROVED ENGINE REPLACEMENT." (Id. at 17.) In his reply brief, Mattocks asserts that he was only responsible for the "100.00 deductible + $80.00 tow" and thus does not claim the $6,076.45 to be in controversy. (Doc. 14 at 3.) Exhibits D and F also show "SilverRock Warranty" and list the insurance company's phone number. (Doc. 1-1 at 19, 22-23.) Exhibit E, an invoice from Downtown Automotive, notes that someone needs to "CALL [THE] INSURANCE COMPANY AND CHECK ON WARRANTY. [PLAINTIFF] HAS ALREADY HAD 3 ENGINES INSTALLED." (Id. at 20.)

Drivetime fails to proffer evidence that any other damages

10

will cause the amount in controversy to meet the $50,000 threshold. Rather, it argues only that the complaint is unclear and that, "in the absence of any details in the Complaint to the contrary," the amount in controversy exceeds $50,000. (Doc. 13 at 7.) But this contention attempts to shift Drivetime's burden of proof for establishing subject matter jurisdiction to Mattocks. Where, like here, a plaintiff's amount of damages is unspecified in the complaint, the "defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands." Scott v. Cricket Communs., LLC, 865 F.3d 189, 194 (4th Cir. 2017) (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)). Drivetime has failed to do so. Mattocks's motion to remand will therefore be granted. See Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (urging courts to "strictly construe removal jurisdiction" and that even "if federal jurisdiction is doubtful, a remand [to state court] is necessary").

### B. Mattocks's Request for Attorney's Fees and Costs

Mattocks requests an award of attorney's fees and costs associated with his motion to remand. (Doc. 8 at 9.) The removal statute, 28 U.S.C. § 1447(c), gives a district court discretion to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Common Cause v. Lewis, 956 F.3d 246 (4th Cir. 2020). There is no "automatic

11

entitlement" to such an award merely because a court orders remand. Id. (citing Beusterien v. Icon Clinical Research, Inc., 517 F. App'x 198, 199 (4th Cir. 2013) (per curiam) (citation omitted)). Rather, a court must find that the "removing party lacked an objectively reasonable basis for seeking removal." Id. (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

Mattocks argues that Drivetime neither referenced the Magnuson-Moss Warranty Act's amount in controversy requirement nor attempted to outline the amount in controversy in its notice of removal. (Doc. 8 at 8.) He further contends that a review of the statute, price of the vehicle, the alleged claims, and the $25,000 jurisdictional limit of the state District Court Division where the case was filed show that Drivetime lacked an objectively reasonable basis for removal. Drivetime responds that Mattocks's inclusion of the invoices as an attachment to the complaint, which itself was unclear as to damages claimed, provided a reasonable basis to conclude that he sought recovery for them. Moreover, the jurisdictional threshold of the state court division is not determinative, it claims. (Doc. 13 at 7-8.) Rather, Drivetime contends, North Carolina law allows Mattocks to recover more than the amount pled in the complaint "or the jurisdictional parameters of the court in which he files his complaint" regardless of where the case is filed. (Id.) Therefore, Drivetime argues, merely filing in a division with a $25,000 jurisdictional limit "proves

nothing" and, without more, does not determine that the amount in controversy is less than $50,000.

A defendant's notice of removal must contain "a short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. §1446(a)). Drivetime removed this action as one arising under the laws of the United States based on 28 U.S.C. § 1331. (Doc. 1 at 2.) Mattocks's complaint, which did not request a specific sum, attached multiple exhibits, which totaled more than $50,000. (Doc. 13 at 5.) Further, rather than claiming a finite amount of "incidental and consequential damages," Mattocks alleged an amount of damages "to be determined at trial." (Doc. 1-1 at 7.) Only after Mattocks stated in his brief that, apart from deductible he paid, he was not claiming the amount of the invoices as "incidental and consequential damages" was it clear that he was not seeking recovery of those amounts.

Mattocks's argument that Drivetime should have known the amount in controversy was less than $50,000 because Mattocks filed in North Carolina's District Court Division is not dispositive. The District Court has jurisdiction over civil cases where the "amount in controversy is twenty-five thousand dollars ($25,000) or less." N.C. Stat. § 7A-243 (2013). But North Carolina law permits a plaintiff to seek more than the amount alleged in his complaint. N.C. R. Civ. P. 54(c) (permitting a judgment not based

13

on default to provide relief "even if the party has not demanded such relief in his pleadings").  And this court can consider other record evidence to determine whether a defendant has met his burden of showing proper subject matter jurisdiction upon removal.  Dash v. FirstPlus Home Loan Owner Tr. 1996-2, 248 F. Supp. 2d 489, 498 n.6 (M.D.N.C. 2003) (denying motion to remand based on complaint's pleading of state court jurisdictional limit and considering other evidence of jurisdictional amount).  Moreover, the remedy for cases filed in the wrong division is a motion to transfer the case to the proper division.  N.C. Gen. Stat § 7A-258(a) ("Any party . . . may move on notice to all parties to transfer the civil action . . . to the proper division when the division in which the case is pending is improper . . . ."; see Stanback v. Stanback, 287 N.C. 448, 457-58 (1975) (discussing the ability to transfer complaints that are filed in an improper trial division in North Carolina).  Therefore, while the filing in the District Court Division is some evidence of the amount claimed, it is not dispositive, especially where the complaint's allegations of damage are indefinite and the plaintiff attached multiple invoices exceeding the division's jurisdictional limit.  The court therefore declines to find that Drivetime's removal was objectively unreasonable, and Mattocks's request for attorney's fees will be denied.

14

## C.  Additional Motions Before the Court

Because this court lacks subject matter jurisdiction over this action, Drivetime's motion to dismiss (or in the alternative motion to stay and compel arbitration) (Doc. 11) and Mattocks's motion to stay briefing on Drivetime's motion to compel arbitration (Doc. 15) are denied without prejudice as moot. See Cty. of Moore v. Acres, 447 F. Supp. 3d 453 (M.D.N.C. 2020).

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Mattocks's motion to remand (Doc. 7) is GRANTED for lack of subject matter jurisdiction, and the case is REMANDED to the General Court of Justice, District Court Division, Guilford County, North Carolina.

IT IS FURTHER ORDERED that Mattocks's request for attorney's fees and costs is DENIED.

IT IS FURTHER ORDERED that Drivetime's motion to dismiss (or in the alternative motion to stay proceedings and compel arbitration) (Doc. 11) and Mattocks's motion to stay briefing on Drivetime's motion to compel arbitration (Doc. 15) are DENIED WITHOUT PREJUDICE as MOOT.

/s/   Thomas D. Schroeder
United States District Judge

September 7, 2022